

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

ATTORNEY GENERAL

June 1, 1939

Honorable F. E. Mitchell
County Attorney
Callahan County
Baird, Texas

Dear Sir:

Opinion No. O-778
Re: Elections to consolidate districts
with another consolidation election
pending.

We are in receipt of your letter of May 27, 1939, in which you request the opinion of this Department upon the question based upon the following facts.

The County Judge of Callahan County upon proper petition has ordered an election to determine whether or not Baird Independent School District and Midway Common School District shall be consolidated. Another petition is now being circulated in Clyde Independent School District and in Midway Common School District for the purpose of calling an election to determine whether the Midway Common School District and the Clyde Independent School District shall consolidate.

You wish to know whether the County Judge should order an election to determine whether the Clyde and Midway Districts shall consolidate upon presentation of the proper petition, in view of the fact that he has already ordered the election for the Baird-Midway consolidation.

Article 2806, Revised Civil Statutes, 1925, provides, in part, as follows:

> "On the petition of twenty (20) or a majority of the legally qualified voters of each of several contiguous common school districts, or contiguous independent school districts, praying for the consolidation of such districts for school purposes, the County Judge shall issue an order for an election to be held on the same day in each such district. . . . Common school districts may in like manner be consolidated with contiguous independent school districts. . ."

Our Supreme Court in State, ex rel George vs. Baker, 40 S. W. (2d) 41, held:

> "To our minds, this suit presents but one question: Did the County Board of Trustees have the power to defeat the right of the people to by vote, determine the question as to whether

the district should be incorporated by re-districting the territory involved after the election has been duly and legally ordered and advertised, and while such election was still pending? We think to state the question is to give a negative answer thereto.

"It is our opinion, that even if it be conceded that the orders of the County Board with reference to the territory of District #16 would have been in all respects legal in the absence of the pending election, still the right of the people to vote on incorporation, having been first lawfully invoked, would not be interfered with or defeated by the County Board pending the holding of the election, and the declaration of its results."

We recognize that the foregoing case is not specifically in point, but the situations are somewhat analogous. When an election has been called and the right of the people to vote upon the question of whether two districts shall consolidate, has attached, their right to freely express their will should not be interfered with or embarrassed by calling a second election to determine whether one of these districts should consolidate with a third. We find no authority in the statutes for holding both elections at the same time as suggested in your letter.

This Department is of the opinion that the County Judge should not call an election based upon the Clyde-Midway petition until the electorate of the Baird Independent School District and Midway Common School District have had an opportunity to vote upon the question of whether the Baird and Midway districts shall consolidate.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/    Cecil C. Cammack


By

Cecil C. Cammack
Assistant

CCC:go/.ldw
APPROVED
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY H. Q. B.
CHAIRMAN